COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION ___
CIVIL ACTION NO. 10-CI-2037

MARILYN DOUGLAS                                          PLAINTIFF

v.

SQUARE D COMPANY AND SUBSIDIARIES EMPLOYEE
WELFARE BENEFIT PLAN FOR COORDINATED
BARGAINING UNITS and SCHNEIDER ELECTRIC USA, INC.      DEFENDANTS

*APR 08 2010*

## COMPLAINT

The plaintiff, Marilyn Douglas, through counsel, for her complaint against the defendants, Square D Company and Subsidiaries Employee Welfare Benefit Plan for Coordinated Bargaining Units and Schneider Electric USA, Inc., states as follows:

1. The plaintiff is an individual who formerly was employed by Defendant, Schneider Electric USA, Inc. in Fayette County, Kentucky, and who at all times relevant hereto was a participant in an employee benefit plan sponsored by Schneider Electric USA, Inc.

2. The defendant, Square D Company and Subsidiaries Employee Welfare Benefit Plan for Coordinated Bargaining Units (the "Plan"), is an employee benefit plan as defined by the Employees Retirement Income Security Act, 29 U.S.C. 1001 *et seq.* The Plan has a subplan commonly known as the "Group Life and Health Plan for Coordinated Bargaining Unit Employees," and the Plan and the subplan will be considered as one for purposes of this action. The Plan may be served through its agent for service of process, Square D Company, Employee Benefits Administrative Committee, 1415 South Roselle Road, Palatine, Illinois 60067.

3. The defendant, Schneider Electric USA, Inc., is a foreign corporation authorized to transact business, which was formerly known as the Square D Company, and is made a defendant hereto because it, or an "Employee Benefits Administrative Committee" acting on its behalf, is and was the Plan Administrator of the Plan. Schneider Electric USA, Inc. may be served through its registered agent, CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, KY 40601.

4. The plaintiff brings this action under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover benefits and to clarify her rights to future benefits under the Plan, and under ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1), to recover penalties for the Plan Administrator's failure to provide documents to the plaintiff in a timely manner. This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction over the defendant because it transacted its affairs in Fayette County.

**First Claim for Relief—Denial of Benefits**

5. The Plan provides for the payment of a disability life insurance benefit to Plan participants who become "disabled" as defined in the Plan.

6. The plaintiff became disabled as defined under the Plan no later than February 1, 2009, as she was determined to be eligible for disability income benefits from the Social Security Administration as of that date. She has remained continuously disabled since then.

7. The plaintiff made a timely claim for benefits under the Plan by informing personnel at Schneider Electric USA, Inc. that she was eligible for the benefit and needed to make a formal application.

8. The defendants denied the claim by stating that the plaintiff had failed to make the claim on time. The defendants failed to afford the plaintiff a proper review of the denial of the claim as afforded by ERISA § 503(2) and under 29 C.F.R. 2506.503-1 by failing, among other things, to inform her of her appeal rights, failing to inform of her rights under ERISA, failing to provide the administrative record to the plaintiff upon request, and failing generally to provide a full and fair review of the original claim denial. The denial of the claim is a breach of the obligation under the Plan and ERISA to pay benefits to the plaintiff, and the defendants' decision to deny the claim was not made in accordance with procedures required by 29 C.F.R. 2506.503-1 and hence is not entitled to any deference by this Court.

9. The plaintiff has exhausted all administrative remedies with these defendants as set forth in the Plan and required by ERISA.

10. As a result of the foregoing, the plaintiff has suffered losses in the form of unpaid benefits of $48,500, and/or has the lost the ability to pursue the claim further with the insurance company that insures the benefit.

11. The plaintiff is entitled to a judgment in the amount of the unpaid benefits under the Plan, or in the alternative a finding that she has timely made her claim and that she is allowed to proceed further administratively with the claim. The plaintiff is further entitled to prejudgment interest and an award of attorneys' fees under ERISA § 502(g) in an amount to be proven.

### Second Claim for Relief—Failure to Provide Documents

12. The plaintiff incorporates the allegations set forth in paragraphs 1-11 above.

13. The plaintiff by letter of counsel dated September 30, 2009 requested that Schneider Electric USA, Inc., as administrator of the Plan, provide her with certain documents, including without limitation the claims file and "any and all plan documents, including the Unum policy itself, any insurance certificates issued to participants, and any writings that describe how the Plan is administered and/or identify what entity is responsible for the payment of the Disability Life Insurance benefit."

14. Schneider Electric USA, Inc., received this letter but failed to provide the requested documents. Counsel again requested those documents, by follow-up letter of October 26, 2009, but Schneider Electric USA, Inc. did not respond to that letter nor did it provide copies of the requested documents.

15. ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1), provides that any plan administrator who fails or refuses to comply with a request by a plan participant to supply information such as requested by the plaintiff as noted above, may in the court's discretion be personally liable to such participant in the amount of up to $100 a day from the date of such failure or refusal.

16. Schneider Electric USA, Inc. was required by law to have provided the requested information to the plaintiff no later than November 3, 2009, and the plaintiff is entitled to a judgment against Schneider Electric USA, Inc. for $100/day from November 3, 2009 to the date of judgment or to the date that such information is provided.

WHEREFORE, the plaintiff, Marilyn Douglas, requests that the Court grant her the following relief from the defendants, Square D Company and Subsidiaries Employee Welfare Benefit Plan for Coordinated Bargaining Units and Schneider Electric USA, Inc.:

(a) a judgment against the Plan in the amount of at least $48,500, or in the alternative an order clarifying that the claim was made timely and that the plaintiff may proceed administratively with her claim against the Plan's insurer;

(b) a judgment against Schneider Electric USA, Inc. in the amount of $100/day from November 3, 2009 until such time as it has provided the documents requested by the plaintiff on September 30, 2009;

(c) her costs and attorney's fees; and

(d) all other relief to which she is entitled, including prejudgment interest and a *de novo* review of the decision to deny the claim.

/s/ E. Douglas Richards
E. Douglas Richards
E. Douglas Richards, PSC
619 Cooper Drive
Lexington, KY 40502
859-269-1974
Counsel for Plaintiff

Exhibit "B"